# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMUEL FLORES,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 3:11-CV-00236-HDM-(VPC)

**ORDER**

    Defendants have removed this action from the Seventh Judicial District Court of the State of Nevada. Before the court is plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner in the custody of the Nevada Department of Corrections. The court has reviewed the complaint pursuant to 28 U.S.C. § 1915A, and the court will dismiss the State of Nevada in relation to the Nevada Department of Correction from this action.

    Plaintiff has sued the State of Nevada in relation to the Nevada Department of Correction and Eldon K. McDaniel, warden of Ely State Prison, in his individual and official capacities. A suit against a prison officer in his official capacity is another way of suing "an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1984) the Section 1983 states, in relevant part:

> Every <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added)

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989). The same rule applies to agencies that are arms of the state, such as the Nevada Department of Corrections. <u>Doe v. Lawrence Livermore Nat. Laboratory</u>, 131 F.3d 836 (9th Cir. 1997). The court will dismiss the State of Nevada and McDaniel in his official capacity. Furthermore, plaintiff has filed two motions to strike the State of Nevada and the Nevada Department of Corrections from this action (#4, #8), and the court will grant these motions.

Plaintiff claims that he was charged twice in prison disciplinary proceedings for only one event of use of intoxicants, that no evidence exists to support the second charge, and that defendant McDaniel upheld the two sanctions. That part of the complaint states a claim upon which relief can be granted, and the court will direct defendant McDaniel to respond to the complaint.

IT IS THEREFORE ORDERED that plaintiff's motions to strike the State of Nevada and the Nevada Department of Corrections from this action (#4, #8) are **GRANTED**. The State of Nevada in relation to the Nevada Department of Corrections, and defendant McDaniel in his official capacity, are **DISMISSED** from this action.

1  IT IS FURTHER ORDERED that defendant McDaniel shall have
2 twenty-one (21) days from the date on which this order is entered
3 to file and serve an answer or other response to the complaint.
4  IT IS FURTHER ORDERED that henceforth, plaintiff shall
5 serve upon defendants or, if appearance has been entered by
6 counsel, upon the attorney(s), a copy of every pleading, motion or
7 other document submitted for consideration by the court.  Plaintiff
8 shall include with the original paper submitted for filing a
9 certificate stating the date that a true and correct copy of the
10 document was mailed to the defendants or counsel for the
11 defendants.  The court may disregard any paper received by a
12 district judge or magistrate judge which has not been filed with
13 the clerk, and any paper received by a district judge, magistrate
14 judge or the clerk which fails to include a certificate of service.
15  DATED: May 24, 2011.

_____
HOWARD D. MCKIBBEN
United States District Judge