**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SAMUEL FLORES, | ) | 3:11-cv-00236-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE STATE OF NEVADA, in Relation to the NEVADA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is pro se prisoner Samuel Flores who has filed a Section 1983 claim against the State of Nevada in relation to the Nevada Department of Correction and Eldon K. McDaniel.  In an order dated May 24, 2011, this court dismissed the State of Nevada and McDaniel in his official capacity from this action because neither

1

can be sued under Section 1983.  See Docket No. 11 *(citing Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) and *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836 (9th Cir. 1997).).

On November 2, 2011, plaintiff filed a motion for reconsideration (Docket No. 31) of this court's May 24, 2011 order (Docket No. 11), in which he asks the court to reconsider the portion of its order dismissing McDaniel in his official capacity.

On November 15, 2011, the defendant opposed plaintiff's motion for reconsideration arguing that it fails to comply with Local Rule 7-2 because it lacks substantive points and authorities, and it is without merit because the law is clear that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983" and cannot be sued as such.  See Docket No. 35 (*citing Kentucky v. Graham*, 473 U.S. 159, 165 (1984) and *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).).

Plaintiff has not filed a reply in support of his motion for reconsideration and the time to do so has expired.

Local Rule 7-2(d) provides that the "failure of a moving party to file points and authorities in support of [a] motion shall constitute a consent to the denial of the motion." LR 7-2(d).  Plaintiff has not complied with LR 7-2.

Notwithstanding the lack of points and authorities, plaintiff's motion for reconsideration should still be denied on the merits.  The law is clear that defendant McDaniel in his official capacity was properly dismissed from this action. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)(State officials acting in their official capacities are not "persons" under Section 1983 and cannot be sued); *Kentucky v. Graham*, 473

U.S. 159, 165 (1984)(a suit against a prison officer acting in his official capacity is like suing the entity of which the officer is an agent).  Accordingly, plaintiff's motion for reconsideration (Docket No. 31) is hereby DENIED.

**IT IS SO ORDERED.**

DATED: This 12th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE

3