1
2
                             **UNITED STATES DISTRICT COURT**
                                   **DISTRICT OF NEVADA**

3  SAMUEL FLORES,                       )
                                   )
4                                   )   3:11-cv-00236-HDM-VPC
         Plaintiff,           )
5    v.                                    )  **REPORT AND RECOMMENDATION**
                                   )  **OF U.S. MAGISTRATE JUDGE**
6 STATE OF NEVADA,                      )
   IN RELATION TO THE                   )
7 NEVADA DEPARTMENT OF                  )
   CORRECTIONS, *et al.,*                )
8                                    )
                                   )   February 7, 2012
9         Defendants.           )
10

11        This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior
12 United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant
13 to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion for summary
14 judgment (#12).[1] Plaintiff opposed (#20) and defendant replied (#21). Also before the court is
15 plaintiff's motion styled, "Motion to strike evidence attached to McDaniel's Motion for Summary
16 Judgment" (#26). Defendant opposed (#30) and plaintiff replied (#33). The court has thoroughly
17 reviewed the record and recommends that defendant's motion for summary judgment (#12) be
18 granted and that plaintiff's motion to strike (#26) be denied.

19                          **I. HISTORY & PROCEDURAL BACKGROUND**

20        Plaintiff Samuel Flores ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State
21 Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#1-3). The
22 events giving rise to plaintiff's complaint occurred while he was housed at High Desert State Prison
23 ("HDSP") and ESP. *Id*. On February 17, 2011, plaintiff filed his civil rights complaint in the
24 Seventh Judicial District Court of the State of Nevada and defendant removed to federal court on
25 April 4, 2011 (#2). Pursuant to 28 U.S.C. § 1915A, the court screened plaintiff's complaint and
26 plaintiff's only remaining claim alleges a civil rights violation against Eldon K. McDaniel in which
27
28       [1]    Refers to the court's docket numbers.

1  plaintiff alleges NDOC "charged [him] twice in prison disciplinary proceedings for only one event
2  of use of intoxicants, that no evidence exists to support the second charge, and that defendant
3  McDaniel upheld the two sanctions" (#11).[2]  Defendant McDaniel ("defendant") brings the instant
4  motion (#12). Defendant McDaniel was the warden at ESP at all times relevant to this action. *Id*.
5  at Ex. A.

6      The court relates the pertinent facts as alleged in plaintiff's complaint (#1-3) and those
7  undisputed facts contained in defendant's motion for summary judgment (#12). Plaintiff tested
8  positive for marijuana use after providing a urinalysis on November 9, 2009. *Id*. at Ex. A, Ex. 1.
9  On November 19, 2009, NDOC charged plaintiff with one count of violating NDOC disciplinary
10 offense MJ54 for the use of intoxicants in charge #300092. *Id*. Plaintiff pled guilty, and on January
11 25, 2010, the disciplinary hearing officer imposed the following disciplinary sanctions: ninety-days
12 loss of visitation privileges; statutory loss referral; and one-hundred-and-twenty days of disciplinary
13 segregation. *Id*. Defendant McDaniel signed plaintiff's disciplinary form in charge #300092. *Id*.

14     On November 30, 2009, NDOC charged plaintiff with one count of violating NDOC
15 disciplinary offense MJ54 for the use of intoxicants in charge #300581, and five other charges. *Id*.
16 at Ex. 2. On December 24, 2009, the disciplinary hearing officer found plaintiff guilty of violating
17 MJ54, and five other charges. *Id*. This second MJ54 charge stemmed from information gathered
18 during the Inspector General's investigation, which included the review of a telephone conversation
19 between plaintiff and Mirium Rivera which took place on July 14, 2009. *Id*. During this telephone
20 conversation, plaintiff stated: "I smoke a lot of weed" and "Do I seem burnt to you?" *Id*. at 22. The
21 Inspector General's office conducted an interview with an unnamed source, and also determined that
22 plaintiff was selling marijuana to other inmates. *Id*.

23     On January 25, 2010, plaintiff submitted informal grievance 2006-28-91376, which NDOC
24 denied and stated: "You were charged for MJ-54 for two separate incidents. One dated 11-19-09 and
25 another 11-30-09." *Id.* at Ex. 3. Plaintiff filed a first level grievance on March 18, 2010, and on

26

---

27    [2]    Plaintiff also named the state of Nevada and NDOC as defendants, but the court dismissed
28 the claims against the state of Nevada, NDOC, and defendant McDaniel in his official capacity upon
screening the complaint pursuant to 28 U.S.C. § 1915A (#11).

2

1  March 30, 2010, defendant McDaniel upheld the denial of plaintiff's first level grievance and stated:
2  "As you were advised, you were charged for MJ54 for two separate incidents. One dated 11-19-09
3  and another 11-30-09." *Id*.[3]

4  In his complaint, plaintiff alleges that NDOC charged him twice for the same violation and
5  that he received "double punishment for the same rule violation" (#1-3, p. 2). Plaintiff also asserts
6  that "visiting [privileges] cannot be taken unless the incident involved a visit." *Id*. Plaintiff claims
7  that he filed a grievance regarding the two charges and that defendant McDaniel denied the
8  grievance. *Id*. Plaintiff's only allegation implicating defendant McDaniel is that he denied
9  plaintiff's grievance. *Id*.

10  Defendant McDaniel moves for summary judgment on plaintiff's claims (#12). First,
11  defendant argues that NDOC did not charge plaintiff for two violations arising from the same
12  incident and asserts that plaintiff received two notice of charges based on two distinct incidents. *Id*.
13  at 12. Second, defendant states that plaintiff could not have received "double punishment" for the
14  same violation because he did not receive a disciplinary sanction as a result of his second MJ54
15  violation in charge #300581. *Id*. at 13. Third, defendant asserts that the NDOC Inmate Disciplinary
16  Manual provides that loss of visitation privileges is a reasonable sanction for a positive urinalysis.
17  *Id*. at 14. Defendant states that he is entitled to summary judgment because he did not personally
18  participate in any of the actions which are the subject of plaintiff's complaint, and that he is entitled
19  to qualified immunity. *Id*. at 15-17. To support his motion, defendant attaches authenticated copies
20  of plaintiff's I-file court notes that plaintiff exhausted his administrative remedies in grievance 2006-28-
21  91376 (#12, Ex. A, Ex. relating to charges #300092 and #300581; plaintiff's grievance number 2006-
22  28-91376; Administrative Regulation ("AR") 707; the NDOC Inmate Disciplinary Manual; and a
23  copy of *Egberto v. McDaniel*, 2011 WL 1233358 (D. Nev., March 28, 2011).[4] *Id*. at Exs. A-E.

24  Plaintiff opposes and argues that he has a protected liberty interest in avoiding successive

---

[3] The court notes that plaintiff exhausted his administrative remedies in grievance 2006-28-91376 (#12, Ex. A, Ex. 3).

[4] Defendant filed an errata to his motion for summary judgment which includes a declaration authenticating AR 707 and the NDOC Inmate Disciplinary Manual (#19).

3

sanctions "stemming from the same investigation" (#20, p. 7). Plaintiff asserts that NDOC did not have evidence to charge him with the second charge (#300581), and that he suffered irreparable injury as a result of the two guilty findings. *Id*. at 8, 13. Plaintiff argues that he submitted a grievance to this effect, which defendant McDaniel denied. *Id*. at 12. Plaintiff also claims that no penological interest existed to continue plaintiff's charge "until after the plaintiff's transfer to ESP." *Id.* at 10. Lastly, plaintiff argues that defendant is not entitled to qualified immunity because defendant McDaniel was aware of prison officials' violation of AR 707. *Id*. at 14-15. In support of his opposition, plaintiff attaches a kite he submitted to defendant McDaniel; copies of plaintiff's I-file relating to charges #300092 and #300581; plaintiff's grievance number 2006-28-91376; plaintiff's disciplinary history report; AR 707; and the NDOC Inmate Disciplinary Manual. *Id*. at Exs. A, B, C-1.

Defendant notes in his reply that plaintiff failed to authenticate and/or provide any information sufficient to support a finding that the unidentified document on page 54 of 82 of his opposition, his exhibits B-3 and C-1, and/or the incomplete copies of AR 707 and the Inmate Disciplinary Manual are what plaintiff claims they are (#21 p. 5). Defendant argues that plaintiff's newly asserted arguments have no bearing on the instant lawsuit. *Id*. at 9.

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. MOTION TO STRIKE

Plaintiff filed a motion styled, "Motion to strike evidence attached to McDaniel's Motion for Summary Judgment" (#26). Defendant opposed (#30) and plaintiff replied (#33). Plaintiff argues that "defendant has failed to make any attempt to authenticate and/or provide any information" regarding statements plaintiff made in connection with his second charge, and moves to strike Exhibit 2 to defendant's motion for summary judgment (#26, pp. 6, 8). Defendant McDaniel submitted a declaration attesting to the authenticity of plaintiff's I-file relating to the two disciplinary charges at issue (#12, Ex. A). The evidence defendant submitted is authenticated pursuant to 28

U.S.C. § 1746, and plaintiff's motion to strike (#26) should be denied.[5]

## III. DISCUSSION & ANALYSIS

**A.  Discussion**

    **1.  Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Here, the plaintiff does not oppose the defendants' motion for summary judgment. Rule 56(c)

---

[5] Upon review of this motion, the court notes that the document also opposes defendant's reply brief. Federal Rule of Civil Procedure 54 outlines timing for summary judgment motions, responses, and replies. Plaintiff did not request the court's leave to file an additional opposition following completion of the briefing on this matter; therefore, the court strikes the filing (#26). The court admonishes plaintiff to refrain from submitting excessive or duplicative briefing outside of the scope of permissible court filings noted in the Federal Rules of Civil Procedure and the Local Rules.

mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.    Analysis**

    **1.  Supervisory Liability**

Liability under section 1983 must be based on the personal involvement of the defendant. 42 U.S.C. § 1983. Under section 1983, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participated in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

When the named defendant is a supervisor, the causal link between the defendant and the claimed constitutional violation must be established. Thus, to maintain his claim against defendant McDaniel on the theory of supervisory liability, "the plaintiff must set forth some evidence that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Additionally, inmates are not entitled to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)), *cert. denied* 541 U.S. 1063, 124 S.Ct. 2388, *see also Lomolt v. Holder*, 287 F.3d 683, 684 (9th Cir. 2002), *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison official's denial of a grievance cannot be grounds for liability under section 1983).

Plaintiff alleges that defendant McDaniel denied plaintiff's grievance in connection with the alleged due process violations stemming from plaintiff's disciplinary charges (#1-3, p. 2). Plaintiff attaches to his opposition an inmate request form which defendant McDaniel responded to and stated: "Records reflect that you filed a grievance regarding this issue. Wait for your

Grievance response" (#20, Ex. C-1, p. 22). Plaintiff also attaches his inmate grievance report (#20, Ex. 3, p. 49). Defendant McDaniel denied plaintiff's first level grievance regarding the disciplinary charges and stated that plaintiff was "charged for MJ-54 for two separate incidents. One dated 11-19-09 and another 11-30-09." *Id*. Plaintiff provides no other evidence of defendant McDaniel's alleged involvement in the constitutional claims at issue.

Defendant argues that he is entitled to judgment as a matter of law because he did not personally participate in the alleged constitutional violations relating to plaintiff's disciplinary charges and the resulting guilty findings (#12, p. 15). The court agrees. Responding to a grievance, in and of itself, does not necessarily mean that defendant McDaniel played a role in the alleged constitutional violations. Plaintiff's civil rights claims do not concern the inmate grievance process and defendant McDaniel's denial of his grievance does not relate to the basis for plaintiff's claims.[6] Defendant McDaniel was not personally involved in investigating or drafting the notice of charges with respect to the two charges at issue (#12, Ex. A). Defendant McDaniel played no role in plaintiff's preliminary or disciplinary hearings, nor was he personally involved with the disciplinary sanctions which NDOC imposed after plaintiff's disciplinary hearings.[7] *Id*. While plaintiff asserts that defendant knew that prison officials violated AR 707 when they denied him visitation privileges, AR 707 provides that "[a] reasonable sanction for a positive urinalysis (MJ54) or refusal to test (MJ44) is restricted visiting" (AR 707 § 10(C); #12, Ex. D, p. 26).[8] Defendant McDaniel did not know of a violation and fail to prevent it.

Defendant McDaniel did not personally participate in the alleged deprivation simply by

---

[6] In his first level grievance, plaintiff requests that charge #300092 "[be] cancelled out" (#12, Ex. A, Ex. 3). However, plaintiff pled guilty to this charge and AR 707 provides that "a plea of guilty may not be appealed" (AR 707 § 2(B)(14); #12, Ex. D, p. 16).

[7] The court notes that defendant McDaniel signed a Disciplinary Form in connection with plaintiff's first MJ54 charge (#300092) (#12, Ex. A, Ex. 1). This alone is insufficient to hold defendant liable for the alleged constitutional violations because he did not participate in the disciplinary hearing or in the disciplinary sanctions which the disciplinary hearing officer imposed. Additionally, plaintiff's only allegation implicating defendant McDaniel is that defendant denied plaintiff's grievance (#1-3).

[8] The court notes that plaintiff does not allege that defendant McDaniel implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Hansen*, 885 F.2d at 646.

7

addressing plaintiff's grievance and informing him of the rules and procedures. *See Cox v. Benedetti*, 2011 WL 4346275 (D.Nev. Aug. 2, 2001) (No. 3:08-CV-00502-LRH). Absent a casual connection between the denial of a grievance and the alleged deprivation, plaintiff's claims against defendant McDaniel fail as a matter of law. *See Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff offers no evidence that defendant McDaniel acted to violate plaintiff's civil rights. Accordingly, no genuine issue of material fact remains for trial and summary judgment should be granted in favor of defendant McDaniel due to his lack of personal participation in plaintiff's alleged constitutional vocations. Defendant McDaniel is the only remaining defendant after screening (#11).

Moreover, having reviewed the constitutional claims at issue, the court notes that NDOC did not charge plaintiff with two violations for the same incident. NDOC charged plaintiff with his first MJ54 charge on November 19, 2009 (#12, Ex. A, Ex. 1).[9] This charge arose from plaintiff's testing positive for marijuana use. *Id*. Plaintiff pled guilty to this charge on January 25, 2010. *Id*. NDOC charged plaintiff with his second MJ54 violation on November 30, 2009. *Id*. at Ex. 2. This charge stemmed from information gathered during the Inspector General's month-long investigation, which included the review of a telephone conversation between plaintiff and Mirium Rivera which took place on July 14, 2009 (#12, p. 12; Ex. A, Ex. 2.). During this telephone conversation, plaintiff stated: "I smoke a lot of weed" and "Do I seem burnt to you?" (#12, Ex. A, Ex. 2, p. 22). The evidence submitted by defendant demonstrates that NDOC did not charge plaintiff for two violations stemming from one incident as he alleges in his complaint. The record demonstrates that NDOC had "some evidence" to support both charges and the resulting disciplinary sanctions.[10] *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

---

[9] The court notes that NDOC provided plaintiff with proper procedural safeguards pursuant to *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[10] Plaintiff alleges that "visiting cannot be taken unless the incident involved a visit" (#1-3, p. 2). AR 707 provides that "[a] reasonable sanction for a positive urinalysis (MJ54) or refusal to test (MJ44) is restricted visiting" (AR 707 § 10(C); #12, Ex. D, p. 26); *see also Egberto v. McDaniel*, 2011 WL 1233358, 10 (D. Nev., March 28, 2011) (holding that AR 707 does not "contain substantive predicates or mandatory language that would remove a prison official's ability to make discretionary decisions regarding prison visitation policies and create a liberty interest in prison visiting privileges").

1  Further, plaintiff could not have received "double punishment" for the same violation because
2  plaintiff did not receive a disciplinary sanction as a result of his second MJ54 charge in #300581.
3  Rather, NDOC imposed disciplinary sanctions because plaintiff was guilty of charge MJ51
4  (compromising staff) in charge #300581 (#12, Ex. B, p. 3).  Thus, even if plaintiff provided
5  evidence that defendant McDaniel was personally involved in the alleged constitutional violations,
6  no constitutional violations occurred in regard to plaintiff's disciplinary charges or sanctions.

### IV. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff fails to demonstrate any issues of material fact regarding defendant McDaniel's personal participation in the alleged constitutional violations.  As such, the court recommends that summary judgment be **GRANTED** in favor of defendant McDaniel.  The court also recommends that plaintiff's motion to strike (#26) be **DENIED**, and that the filing be **STRICKEN**.  The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion for summary judgment (#12) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion to strike (#26) be **DENIED**, and that plaintiff's filing entitled, "Motion to strike evidence attached to McDaniel's Motion for Summary Judgment" (#26) be **STRICKEN**.

**DATED:** February 7, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**