**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SAMUEL FLORES, | ) | 3:11-cv-00236-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NEVADA, IN RELATION TO THE NEVADA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

   Before the court is the report and recommendation of the United States Magistrate Judge (#39) filed on February 7, 2012. In the report and recommendation, the magistrate judge recommends that this court enter an order denying the plaintiff's motion to strike (#26) and an order granting the defendant's motion for summary judgment (#12). Plaintiff objected to the magistrate judge's report and recommendation (#40), defendant responded (#43) and

1

plaintiff replied (#44).  The court has considered the pleadings and memoranda of the parties and other relevant matters of record. It has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law. Accordingly:

The court accepts and adopts the magistrate judge's report and recommendation that plaintiff's motion to strike be denied.

Furthermore, the court accepts and adopts, in part, the magistrate judge's report and recommendation that defendant's motion for summary judgment be granted.[1]  The Ninth Circuit has held that under section 1983, a plaintiff must demonstrate that the defendant personally participated in the deprivation of his constitutional rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  The court concludes that the plaintiff has failed to raise a genuine issue of material fact as to whether defendant McDaniel personally participated in the alleged constitutional violations, encouraged the alleged violations, authorized the alleged violations, knew of the alleged violations and failed to act to prevent them, or implemented a policy that was so deficient that the policy itself was a constitutional violation or a moving force of the alleged constitutional violations.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Based on this review, and for good cause appearing, the court hereby accepts and adopts that portion of the report and recommendation of the magistrate judge on the grounds set forth

---

[1] The court notes an error at page 5, line 24 of the magistrate judge's report and recommendation.  That line reads: "Here, the plaintiff does not oppose the defendants' motion for summary judgment."  Plaintiff, however, did oppose defendant's motion for summary judgment (#20).

2

above.  The plaintiff's motion to strike (#26) is therefore DENIED. The defendant's motion for summary judgment (#12) is GRANTED based on a failure to show that defendant McDaniel personally participated in the alleged constitutional violations.  The court declines to address the remaining issues raised in defendant's motion for summary judgment.

**IT IS SO ORDERED.**

DATED: This 15th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE

3